Daniel C. Green (ISB#: 3213)
RACINE, OLSON, NYE &
BUDGE, CHARTERED
P.O. Box 1391
Pocatello, Idaho 83204
Phone: (208)232-6101
Fax: (208) 232-6109

*Attorneys for Gary L. Rainsdon*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In re: | Case No. 18-40057-JMM |
|---|---|
| TIMOTHY LEE ANDRESEN, | (Chapter 7) |
| Debtor. | |

**NOTICE OF CHAPTER 7 TRUSTEE'S PROPOSED ABANDONMENT OF CERTAIN REAL PROPERTY OF THE DEBTOR**

> No objection. The Court may consider this request for an order without further notice of hearing unless a party in interest files an objection within twenty-one [21] days (plus three days for mailing) of the date of service of this notice.
>
> If an objection is not filed within the time permitted, the court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> Hearing on Objection. The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

Gary L. Rainsdon, the Chapter 7 (the "Trustee"), appointed in the above-captioned Chapter 7 case filed by Timothy Lee Andresen (the "Debtor"), by and through his counsel, Daniel C. Green, hereby moves the Court for entry of an Order, pursuant to Sections 105, 363 and 554 of Title 11 of the United States Code and Rule 6007 of the Federal Rules of Bankruptcy Procedure authorizing (i) the abandonment of certain real property that located at 3546 E. Hayden Lake Road, Hayden,

**NOTICE OF CHAPTER 7 TRUSTEE'S PROPOSED ABANDONMENT OF CERTAIN REAL PROPERTY OF THE DEBTOR** – Page 1

Kootenai County, Idaho 83835-0000 (the "Property"), in the judgment of the Trustee, is unduly burdensome to the Chapter 7 estate or unnecessary to the administration of the Chapter 7 estate. In support of this Motion, the Trustee respectfully represents as follows:

## RELIEF REQUESTED

By this Motion, the Trustee seeks entry of an Order authorizing the Trustee to abandon the Property which is burdensome and of inconsequential value to the estate.

## BACKGROUND

1. On January 23, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On the Petition Date the Debtor owned the Property. The Trustee has determined that no equity exists in the Property for the benefit of the bankruptcy estate.

3. In his Schedules, the Debtor places a value on the Property of $1,100,000.00

4. The Property is encumbered by liens in favor of Dan Beukers in the approximate amount of $54,964.00, Michael Oliver in the approximate amount of $430,000.00, Taylor Bean & Whittaker Mtge in the approximate amount of $370,000.00 and the Internal Revenue Service in the approximate amount of $203,632.31 (the "Creditors").

5. The Trustee has reviewed the Creditors lien and security documents and believes they are valid and enforceable.

6. The Debtor has filed a Homestead exemption in the Property in the amount of $100,000.00.

7. The Trustee believes the amount owed to the Creditors together with the Debtor's Homestead exemption and sale costs is greater than the value of the Property and no equity exists for the benefit of the Bankruptcy Estate.

## BASIS FOR RELIEF REQUESTED

8. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the Trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).

9. Section 363 of the Bankruptcy Code further provides that "[t]he Trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

10. In addition, Section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

11. "The abandonment power embodied in § 554 enables the Trustee to rid the estate of burdensome or worthless assets, and so speeds the administration of the estate… and also protects the estate from diminution." *In re Quanta Resources Corp.*, 739 F.2d 912, 915 (3rd Cir. 1984).

12. In reviewing a trustee's decision to abandon property that is either of inconsequential value or burdensome to the debtor's estate, the court should apply the business judgment standard.  *See In re Slack*, 290 BR 282, 284 (Bankr. D. N.J. 2003) ("the trustee's power to abandon property is discretionary… The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority"); *See also Frostbaumv Ochs* 277 BR 470, 475 (E.D.N.Y. 2002) (stating that a trustee is to use " his best business judgment in deciding when…to renounce title to and abandon burdensome property" pursuant to § 554 of the Bankruptcy Code)(internal citations omitted).

**NOTICE OF CHAPTER 7 TRUSTEE'S PROPOSED ABANDONMENT OF CERTAIN REAL PROPERTY OF THE DEBTOR** – Page 3

WHEREFORE, the Trustee respectfully requests an order authorizing him to abandon the Property and for such other relief as this Court deems just and proper.

DATED this 23rd day of May, 2018.

                                            RACINE, OLSON, NYE,
                                            & BUDGE, CHARTERED


                                      By:    /s/ Daniel C. Green
                                              DANIEL C. GREEN


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May, 2018, I served a copy of the foregoing on CM/ECF Registered Participants as reflected below:

| | |
|---|---|
| trustee@filertel.com | D. Blair Clark |
| id12@ecfcbis.com | dbc@dbclarklaw.com |
| grainsdon@ecf.eqipsystems.com | |
| debm@filertel.com | |
| tinal@filertel.com | |

U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov


Additionally, a copy of the foregoing was served on the parties listed in the attached mailing matrix and the following parties by first class mail, postage prepaid, addressed to:

Timothy Lee Andresen
141 Las Lagos
Twin Falls, ID 83301

                                            /s/ Daniel C. Green
                                            DANIEL C. GREEN